IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 7, 2012 Session

## CADLEROCK, LLC v. SHEILA R. WEBER

**Appeal from the Chancery Court for Sevier County**
**No. 0911497     Hon. Telford E. Forgety, Jr., Chancellor**

No. E2012-01092-COA-R3-CV-FILED-DECEMBER 10, 2012

This is the second appeal of this case in which Cadlerock, LLC attempted to domesticate a foreign judgment that it had purportedly received by assignment. The judgment had been entered against Sheila R. Weber. The trial court refused to enroll the judgment and dismissed the case because Cadlerock, LLC was merely an assignee of the judgment. Cadlerock, LLC appealed, and this court directed the trial court to enroll the judgment. On remand, the trial court enrolled the judgment as directed. Sheila R. Weber appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Scott D. Hall, Sevierville, Tennessee, for the appellant, Sheila R. Weber.

Oliver D. Adams and Alicia Cottrell, Knoxville, Tennessee, for the appellee, Cadlerock, LLC.

## OPINION

## I. BACKGROUND

With the exception of the court's order upon remand, the record before this court is substantially the same as it appeared in the first appeal ("*Cadlerock I*"). On November 25, 2009, Cadlerock, LLC ("Cadlerock") filed a petition to domesticate a foreign judgment

pursuant to Tennessee Code Annotated section 26-6-101, Tennessee's Uniform Enforcement of Foreign Judgments Act. The judgment at issue had been entered in favor of ERA Franchise Systems, Incorporated ("ERA") against Sheila R. Weber in the Superior Court of New Jersey. Along with the petition, Cadlerock filed a certified copy of the judgment and a certified copy of a document portraying the purported assignment of the judgment from ERA to Cadlerock. Ms. Weber did not respond, and Cadlerock requested a default judgment. By special appearance, Ms. Weber objected to the service of process and filed a response. Ms. Weber objected to the "authenticity and effect of the purported 'assignment of judgment'" and alleged that the relief requested exceeded "mere domestication of a foreign [j]udgment" because the cause of action incorporated "a purported assignment of the [j]udgment at issue." In response, Cadlerock moved to enforce the domestication of the foreign judgment, arguing that service of process was proper and that Ms. Weber "had not raised any grounds demonstrating why enforcement of the judgment should be stayed." The court denied Cadlerock's motion to enforce domestication and dismissed the case because Cadlerock "purported to be the assignee of the foreign judgment." *Cadlerock I* followed.

In *Cadlerock I*, this court ordered the trial court to enroll the foreign judgment. *Cadlerock, LLC v. Weber*, No. E2010-02137-COA-R3-CV, 2011 WL 2569751, at *3-4 (Tenn. Ct. App. June 30, 2011). Upon remand, the trial court issued the following order,

> This cause came on for trial on March 1, 2012, before the [court] on the issue of enrolling the foreign judgment filed by [Cadlerock].

> ### FACTS

> The [c]ourt previously dismissed the Petition because the underlying judgment had been assigned. This decision was reversed by [the Tennessee Court of Appeals]. No testimony was presented to the [c]ourt. [The parties] relied on the technical record before the [c]ourt and the Order [issued by the Court of Appeals]. Neither party called a witness nor tendered evidence.

> ### ARGUMENT

> [Cadlerock] argued that the technical record and the Order required enrollment of the foreign judgment.

> [Ms. Weber] objected to registration and/or enrollment of the foreign judgment based upon the arguments that [Cadlerock] lacked standing; [Cadlrock was] not the judgment creditor; and no assignment of the foreign judgment ha[d] been authenticated. Although a certified copy of a purported assignment is of

record, [Ms. Weber] argued that it had not been authenticated and could not be relied upon as verification that an assignment of the foreign judgment actually occurred. [Ms. Weber] further argued that without authentication, [Cadlerock] failed to establish standing and/or authority to register and enroll the foreign judgment.

Further, [Ms. Weber] argued that the Court of Appeals had assumed that the foreign judgment had been assigned, while it [was her position] that no assignment had ever been authenticated nor established before [the trial court].

## RULING OF THE COURT

The [t]rial [c]ourt's ruling was based on the technical record before it, argument of counsel and the Order.

Upon the record before the [c]ourt, it is hereby ORDERED, ADJUDGED, AND DECREED, that the foreign judgment filed by [Cadlerock] with the Petition [] hereby is and shall be enrolled upon the docket of this [c]ourt and the [c]ourt shall have jurisdiction over the same. It is further ordered that the costs of this cause are taxed to [Ms. Weber].

This timely appeal followed.

## II. ISSUE

We consolidate and restate the issues raised on appeal by Ms. Weber as follows:

Whether the trial court erred by enrolling the foreign judgment.

## III. STANDARD OF REVIEW

Whether a foreign judgment is entitled to full faith and credit is a question of law. *Tareco Props. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *12 n.20 (Tenn. Ct. App. Nov. 18, 2004). Issues of law are reviewed de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

-3-

# IV. DISCUSSION

Ms. Weber has never attacked the authenticity of the foreign judgment at issue on appeal. Rather, she has always taken issue with the purported assignment of the judgment. In *Cadlerock I*, she defended the trial court's denial of Cadlerock's motion to enforce domestication. The court's denial was based upon Cadlerock's status as an assignee of the foreign judgment. In this appeal, Ms. Weber contends that this court's reversal of the trial court's decision relied upon the flawed presumption that Cadlerock was an assignee of the foreign judgment. She notes that pursuant to Tennessee's domestication process, judgment creditors are the only parties that may domesticate or enroll foreign judgments. She admits that an assignee of a foreign judgment may enroll a foreign judgment as a judgment creditor. However, she asserts that Cadlerock may not enroll the judgment at issue in this case because it failed to present any properly authenticated evidence to establish that it is an assignee of the judgment.

While stated somewhat differently in this appeal, the issue before this court is the same issue that was presented in the first appeal, namely whether the foreign judgment at issue may be enrolled in the courts of this state. Tennessee Code Annotated section 26-6-104 provides, in pertinent part,

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state *may be filed* in the office of the clerk of any circuit or chancery court of this state.

> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.

> (c) *A judgment so filed* has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and *may* be enforced or satisfied in like manner.

(Emphasis added).

"A decision to enroll a foreign judgment does not equate into a determination that the judgment is enforceable." *Cadlerock I*, 2011 WL 2569751, at *3 (citing *Baumann v. Williams*, No. M2006-00962-COA-R3-CV, 2007 WL 3375365 (Tenn. Ct. App. Nov. 13, 2007)). "The Restatement (Second) of Conflicts distinguishes between the recognition or enrollment of a foreign judgment and the subsequent enforcement of that judgment." *Baumann*, 2007 WL 3375365, at *1. Once enrolled, a foreign judgment remains "subject to

attack" because enrollment of a judgment merely "reflects a conclusion that the document has been properly authenticated as a valid judgment from a sister state." *Id.* at \*2.

In *Baumann*, the alleged judgment debtor argued that the foreign judgment was ambiguous as to which defendant it applied. *Id.* This court concluded that the appeal was premature because the trial court merely held that the foreign judgment was properly authenticated as a valid judgment and never reached "the question of whether the judgment was enforceable." *Id.* The enrollment of the judgment was affirmed, and the alleged debtor was free to argue upon remand that the judgment could not be enforced because it was ambiguous. *Id.* Ms. Weber argues that *Baumann* is inapplicable to this case because the foreign judgment at issue in *Baumann* identified the judgment creditor. We acknowledge that the issue in *Baumann* related to the judgment debtor, not the judgment creditor. However, we do not believe that distinction affects the applicability of *Baumann*. Like the purported judgment debtor in *Baumann*, Ms. Weber raised issues related to the identity of the parties involved but has never raised an issue related to the validity of the foreign judgment. Regardless of the way the argument is phrased, the law of this case provides that issues pertaining to the "assignment of the judgment would relate to the enforcement of the judgment, but not the enrollment of it." *Cadlerock I*, 2011 WL 2569751, at \*3; *see also Memphis Pub. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) ("[A]n appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal."). Ms. Weber has simply failed to raise any issues relating to the validity of the foreign judgment that would prevent its enrollment. Accordingly, we affirm the trial court's enrollment of the foreign judgment because Ms. Weber's argument *remains* premature. Ms. Weber is free to raise issues relating to the enforcement of the judgment when Cadlerock attempts to enforce the judgment.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Sheila R. Weber.

_____
JOHN W. McCLARTY, JUDGE